UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRYAN KERR DICKSON,

      Plaintiff,

v.                               Case No.  5:16cv215/MP/CJK

UNITED STATES OF AMERICA, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff, a federal prisoner proceeding *pro se* has filed a complaint under 28 U.S.C. §§ 1331 and 1346, asserting a claim against the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, and asserting *Bivens*[1] claims against individual employees of the Federal Bureau of Prisons.  (Doc. 1). Plaintiff moves to proceed *in forma pauperis*.  (Doc. 2).  Upon review of plaintiff's complaint and prior litigation history, the court concludes that this case should be dismissed under 28 U.S.C. § 1915(g), because plaintiff is barred from proceeding *in forma pauperis*, fails to show he is under imminent danger of serious physical injury, and failed to pay the filing fee upon initiation of this suit.

_____

[1] *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).  The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

When asked on the complaint form whether he has ever had any action in federal court dismissed as frivolous, malicious, or for failing to state a claim, plaintiff

declined to answer even though he answered every other question on the complaint form.  (Doc. 1, p. 4).  The court's own investigation of plaintiff's litigation history reveals that plaintiff is subject to the "three strikes" bar, a fact that has been established in three prior civil proceedings which plaintiff filed in federal courts in Oklahoma, Arizona and Kentucky.  *See Dickson v. United States of America*, No. 6:16-CV-29-KKC, 2016 WL 866962 (E.D. Ky. Mar. 3, 2016) (dismissing, under § 1915(g)'s three-strikes bar, FTCA case filed by plaintiff while incarcerated; discussing the following Arizona and Kentucky cases establishing plaintiff's status as a three-striker: *Dickson v. United States of America*, Case No. 5:14-cv-01108-C (W.D. Okla. Mar. 10, 2015) (Order, ECF No. 20, therein); *Dickson v. United States of America*, Case No. 4:14-cv-02444-CKJ-PSOT (D. Ariz. Nov. 13, 2015) (Order, ECF No. 38, therein).[2]

    As plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *Brown, supra*.  The allegations of plaintiff's complaint, accepted as true, fail to make that showing.  Plaintiff alleges:  (1) he suffers from chronic pain in his knees due to "orthoarthritis" and bone spurs, and the

---

[2] Plaintiff disclosed these three cases on the complaint form, indicating their disposition as: "Dismissed Without Prejudice Due to Non-Payment of Filing Fees".  Plaintiff did not disclose that they were dismissed because plaintiff is a three-striker under 28 U.S.C. § 1915(g), failed to meet the exception to the three strikes rule, and failed to pay the filing fee in full.

defendants are denying his requests for referral to an orthopedic surgeon for a double knee replacement; (2) he snores loudly and "stops breathing when he snoozes", but the defendants are denying his requests for a "sleep study" to enable him to show he requires a CPAP machine; (3) he has been on a waiting list for two years to replace his bottom dentures; (4) the defendants are not giving him annual eye examinations as required by BOP policy for inmates over 50 years old; and (5) the defendants are discriminating against him by not giving him a paying job within the prison.  (Doc. 1, Attach., pp. 7-9).

Plaintiff's allegation that defendants have denied his requests to see an orthopedic surgeon for a double knee replacement does not satisfy the imminent danger exception.  Plaintiff does not allege he is not receiving treatment for his chronic condition and pain, he merely disagrees with the defendants' course of treatment.  Moreover, plaintiff does not allege specific facts from which a reasonable inference can be drawn that the lack of a double knee replacement puts him under imminent danger of serious physical injury or rapid deterioration of his condition. *Compare Brown, supra* (finding that prisoner's allegations concerning defendants' complete withdrawal of any medical treatment for his HIV and Hepatitis satisfied the imminent danger exception; prisoner alleged that the complete failure to treat his condition caused him to suffer severe ongoing complications (prolonged skin and

scalp infections, severe pain in the eyes and vision problems, fatigue, and prolonged stomach pains), increased his susceptibility to various opportunistic infections (pneumonia, esophageal candidiasis, salmonella, and wasting syndrome), and caused a rapid deterioration of his condition), *and Ibrahim v. District of Columbia*, 463 F.3d 3, 6-7 (D.C. Cir. 2006) ("[W]e think it clear that failure to provide adequate treatment for Hepatitis C, a chronic *and potentially fatal disease*, constitutes 'imminent danger.'") (emphasis added), *with Skillern v. Paul*, 202 F. App'x 343 (11th Cir. 2006) (prisoner failed to establish he was under imminent danger of serious physical injury; distinguishing *Brown, supra*: "Unlike the prisoner in *Brown* . . . , who alleged specific facts about the consequences of being deprived medication for his HIV and hepatitis conditions, appellant merely has alleged that deprivation of his medication may result in suffering serious physical injury.  He did not present any description of the condition giving rise to his prescription for heart disease medication, and never alleged that he suffered any physical injury as a result of not receiving the medication."), *and Tucker v. Kandulski*, No. 15-cv-1117, 2015 WL 5692909, at *4-*5 (E.D. Mich. Sept. 28, 2015) (prisoner's allegations did not satisfy imminent danger exception where prisoner did not allege he was being denied treatment for his chronic condition, he merely disagreed with the healthcare provider's plan of care).

Plaintiff's remaining allegations concerning denial of a "sleep study" and CPAP machine, delay in receiving bottom dentures, lack of annual eye examinations and denial of a paying prison job, even viewed collectively, do not arguably show plaintiff is under imminent danger of serious physical injury. *See, e.g., Brown v. Lyons*, 977 F. Supp. 2d 475 (E.D. Pa. 2013) (determining that the following allegations were insufficient to meet the imminent danger exception:  allegations that prisoner was refused a soft-food diet while his dentures were being repaired, that he was at risk of eye disease because guards shone lights or lasers in his eyes, that prison officials interfered with his doctors' orders and medical examinations and refused to treat a litany of medical complaints ranging from stomach pain to cold feet, and that prison officials failed to provide blood pressure monitoring, a proper diet, cholesterol-lowering medication, genetic testing, and stress management); *Stearnsmiller v. Florida*, No. 5:09c216/RS-EMT, 2009 WL 5067668 (N.D. Fla. Dec. 17, 2009) (prisoner's allegations that during past five years prison officials failed to provide adequate medical treatment for his Hepatitis B and C, sleep apnea, spinal stenosis, osteoarthritis and degenerative disc disease failed to satisfy 1915(g)'s imminent danger exception; prisoner did not include any specific allegations suggesting that the conditions posed an imminent danger of serious physical injury,

that his medical condition was rapidly deteriorating, or that he suffered any sort of illness or infection as a result of the alleged denial of adequate treatment).

Plaintiff's complaint, as a whole, does not qualify him for § 1915(g)'s imminent danger exception.  Because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this action, this case should be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's motion to proceed *in forma pauperis* (doc. 2) be DENIED and this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 8th day of August, 2016.


*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.   A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.