UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRYAN KERR DICKSON,

     Plaintiff,

v.                                Case No. 5:16cv215/MCR/CJK

UNITED STATES OF AMERICA, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Bryan Kerr Dickson, a federal prisoner proceeding *pro se*, has filed a motion to reopen this FTCA/*Bivens* case based on "newly discovered evidence". (Doc. 18). The matter is referred to the undersigned magistrate judge for report and recommendation. (Doc. 19). After careful consideration, the undersigned concludes that Mr. Dickson's motion should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

Dickson initiated this case on July 25, 2016, by filing a complaint under 28 U.S.C. §§ 1331 and 1346, asserting a claim against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, and claims against several individual employees of the Federal Bureau of Prisons under *Bivens*[1].

---

[1] *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

(Doc. 1). Dickson moved to proceed *in forma pauperis*. (Doc. 2). Upon review of Dickson's complaint and prior litigation history, the undersigned concluded this case should be dismissed under 28 U.S.C. § 1915(g), because Dickson is barred from proceeding *in forma pauperis*, failed to show he was under imminent danger of serious physical injury, and failed to pay the filing fee upon initiating this suit. (Doc. 4).

Dickson objected to the Report and Recommendation on one basis – that a dismissal without prejudice for failure to state a claim is not considered a strike in the Fourth Circuit. (Doc. 5, p. 2 (*citing McLean v. United States*, 566 F.3d 391 (4th Cir. 2009))). Dickson filed a separate objection making no substantive argument but merely asserting his right to object. (Doc. 6). On October 14, 2016, District Judge Mark Walker adopted the Report and Recommendation and dismissed this case without prejudice under § 1915(g). (Docs. 8, 9). Dickson filed a notice of appeal and motion to proceed *in forma pauperis* on appeal. (Docs. 10, 11). This court denied leave to proceed *in forma pauperis* on appeal. (Doc. 15). Dickson's appeal was assigned Eleventh Circuit Case No. 17-10635-C, and was dismissed on March 23, 2017, for want of prosecution because Dickson failed to pay the filing and docketing fees. (Doc. 16). Dickson filed this "motion to reopen" on October 11, 2017. (Doc. 18).

## DISCUSSION

Dickson's motion to reopen is based on what Dickson describes as "newly discovered evidence". (Doc. 18). The "newly discovered evidence" is a Fourth Circuit opinion issued October 2, 2017, which concludes that Dickson does not have three strikes under 28 U.S.C. § 1915(g). (Doc. 18, Attach.). Dickson attaches a copy of the Fourth Circuit's opinion. The opinion, filed in *Dickson v. United States of America*, No. 17-6624 (4th Cir. Oct. 2, 2017), states in relevant part:

> The cases relied upon by the district court in rejecting Dickson's application to proceed under the PLRA do not qualify as "strikes" under this court's precedent. First, *Dickson v. Warden of the Fed. Transfer Ctr.*, No. 5:12-cv-384-C, 2012 WL 1715371 (W.D. Okla. May 15, 2012), does not qualify as a strike because the case was dismissed without prejudice for failure to state a claim. *See McLean v. United States*, 566 F.3d 391, 396-97 (4th Cir. 2009) (holding that dismissal of an action without prejudice for failure to state a claim may not count as a strike under the PLRA). Likewise, *Dickson v. Sammuels*, No. 5:14-cv-1108-C (W.D. Okla. PACER No. 19), and *Dickson v. United States*, No. 4:14-cv-2444 (D. Ariz. PACER Nos. 33, 38), were both dismissed due to Dickson's failure to pay the filing fee after being designated a three-striker, and dismissals for failure to pay the filing fee do not count as strikes. Further, after conducting a review on PACER of Dickson's other cases, we are unable to identify three dismissals that qualify as strikes. It appears that several courts have relied on Dickson's concession that he had three prior cases dismissed as frivolous, malicious, or for failure to state a claim. We decline to rely on Dickson's statement, as we cannot verify its accuracy.

(Doc. 18, Attach.).

The Fourth Circuit's opinion does not persuade the undersigned that this case should be reopened. The Fourth Circuit concluded that one of plaintiff's cases, *Dickson v. Warden, FTC*, No. 5:12-cv-00384-C, 2012 WL 1715371 (W.D. Okla. May 15, 2012), does not qualify as a strike because it was dismissed without prejudice (as opposed to with prejudice) for failure to state a claim. The Fourth Circuit relied on its precedent holding that dismissals without prejudice for failure to state a claim do not count as strikes. *See McLean, supra*. The Fourth Circuit is one of only two circuits to write the "with prejudice" requirement into the language of 28 U.S.C. § 1915(g). Although the Third Circuit has adopted the Fourth Circuit's approach, *see Millhouse v. Heath*, 866 F.3d 152, 161 (3rd Cir. 2017), five other circuits have rejected that approach and held that prior dismissals without prejudice for failure to state a claim may count as strikes for purposes of § 1915(g). *See Orr v. Clements*, 688 F.3d 463, 465 (8th Cir. 2012) (disagreeing with *McLean* and holding that dismissal of prisoner's three prior actions without prejudice for failure to state a claim counted as strikes within the meaning of § 1915(g)); *Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011) (holding that dismissal of prisoner's prior actions without prejudice for failure to state a claim counted as strikes within the meaning of § 1915(g)); *O'Neal v. Pierce*, 531 F.3d 1146, 1154-55 (9th Cir. 2008)

(same); *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (same); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998) (same).

Moreover, the Eleventh Circuit's precedent count dismissals for failure to state a claim as strikes under § 1915(g), without identifying whether the dismissal was with or without prejudice, much less differentiating between the two. *See, e.g., Mitchell v. Nobles*, 873 F.3d 869, 873-74 (11th Cir. 2017) (counting as strikes three prior lawsuits that were dismissed for failure to state a claim); *Rivera v. Allin*, 144 F.3d 719, 732 (11th Cir. 1998) (stating that a case dismissed without prejudice for failure to state a claim counts as a strike; also holding that case dismissed without prejudice for abuse of the judicial process counts as a strike), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (holding that failure to exhaust administrative remedies is an affirmative defense under the PLRA and that inmates are not required to specially plead or demonstrate exhaustion in their complaints, but noting: "that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim" when, for example, the defense appears on the face of the pleadings); *see also Casey v. Scott*, 493 F. App'x 1000, 1001 (11th Cir. 2012) (stating that in determining whether a prisoner has three strikes, "[t]he district court must search the record of the plaintiff's federal cases to determine if they were dismissed <u>for the relevant reasons</u>" (emphasis added);

holding that prisoner was subject to three strikes bar because three of his prior cases were dismissed for failure to state a claim); *Allen v. Clark*, 266 F. App'x 815, 817 (11th Cir. 2008) (holding that a dismissal without prejudice for failure to prosecute made in the light of a frivolous response to a show cause order is a strike for purposes of § 1915(g)).

The Fourth Circuit's application of its longstanding precedent, *McLean*, is nothing new and is not binding precedent on this court. Dickson, in fact, relied on *McLean* in the present case, in objecting to the August 8, 2016, Report and Recommendation. (*See* Doc. 5, p. 2). District Judge Walker rejected Dickson's argument. (Doc. 8).

The Fourth Circuit's additional reason for declining to follow other federal courts' determinations that Mr. Dickson is a three-striker, is equally unpersuasive. The Fourth Circuit declined to accept Dickson's concession (in a prior case) that he was a three-striker because the Fourth Circuit could not independently verify the accuracy of Dickson's statement. The undersigned does not share, nor even comprehend, the Fourth Circuit's reluctance.

Dickson's concession, and the first federal court determination of Dickson's status as a three-striker, appeared in *Dickson v. Sammuels*, Case No. 5:14-cv-01108-C (W.D. Okla.). The undersigned relied on that case in determining Dickson is a

three-striker. The procedural history of the Oklahoma case, and how that district

court arrived at its conclusion Dickson is a three-striker, is explained below.

The Oklahoma case was an FTCA action Dickson filed on October 9, 2014,

wherein he moved to proceed *in forma pauperis*. *See Dickson v. Sammuels*, Case

No. 5:14-cv-01108-C (W.D. Okla.) (Docs. 1, 2, therein). Dickson's complaint

acknowledged five prior civil actions he filed while incarcerated:

> 1. *Dickson v. United States of America*, an FTCA action Dickson filed in the United States District Court for the Eastern District of Texas, assigned Case No. 1:14cv250, which Dickson described as "still pending".
>
> 2. *Dickson v. United States of America*, an FTCA action Dickson filed in the United States District Court for the Middle District of Pennsylvania, assigned Case No. 1:14cv1827, which Dickson described as "still pending".
>
> 3. *Dickson v. Federal Bureau of Prisons*, a *Bivens* action Dickson filed in the United States District Court for the Northern District of Texas, which Dickson declined to identify by case number and which he described as "dismissed".
>
> 4. *Dickson v. Federal Bureau of Prisons*, a *Bivens* action Dickson filed in the United States District Court for the Northern District of Texas in February 2012, which Dickson declined to identify by case number and which he described as "dismissed".
>
> 5. *Dickson v. Federal Bureau of Prisons*, a *Bivens* action Dickson filed in the United States District Court for the District of Arizona in February 2012, which Dickson declined to identify by case number and which he described as "dismissed".

(*See id.* Doc. 1, therein).

On October 24, 2014, United States Magistrate Judge Charles B. Goodwin issued an order deferring ruling on plaintiff's *in forma pauperis* motion, finding:

> Plaintiff has previously filed cases in other federal courts, and some of these cases have been sealed in their entirety. Because the Court cannot review the sealed cases, the Court cannot adequately assess whether Plaintiff has accumulated three or more strikes, which, in turn, affects the Court's ability to assess Plaintiff's eligibility for pauper status.

(*See id*. Doc. 10, therein). Judge Goodwin ordered plaintiff to correct the deficiency by submitting a statement to the best of his knowledge and signed under penalty of perjury, "listing each civil action he has filed in federal court during his incarceration – identifying each case by the case number, the court in which the case was filed, and the parties to the case. If any case was dismissed, Plaintiff must describe the reason for the dismissal. If Plaintiff does not possess and cannot obtain the required information, he must explain in his sworn statement why the information is unavailable to him." (*Id*.).

Dickson did not provide the required statement, but Judge Goodwin nonetheless tentatively granted IFP status, assessed an initial partial filing fee, and again directed Dickson to provide the statement so his IFP status could be revoked if he in fact had three strikes under 28 U.S.C. § 1915(g). (*See id.* Doc. 16, therein). After Dickson missed the deadline for making his initial payment and failed to produce the statement related to his previous litigation, Judge Goodwin issued a

Report and Recommendation ("R&R") recommending dismissal of the action for

Dickson's failures. (*See id.*, Doc. 17, therein). Dickson objected to the R&R and,

in his objection, conceded that he was subject to the three strikes rule:

> Plaintiff hereby states for the record that the Three Former Cases that were filed in Forma Pauperis two were filed in the United States District court, For The Northern District Of Texas under 28 U.S.C. 1983. One of the Case was transferred to The Western District Of Oklahoma, due to the facts that it concerned The Oklahoma City Transfer Center as of this was also includes. The Other case was also filed under 28 U.S.C. 1983. All three Cases were filed for similar action of the Defendents. All Of three cases were Dissed For Failing To make a Claim. Plaintiff is aware of The Three Strike Law to file under in Forma Pauperis, but the Plaintiff States that the Plaintiff is filing this case under the Intermite Danger of the Three Strike law as Clearly stated in the Complaint that Dickson Life is clearly in DANGER OF BEING SERIOSLY HURT OR KILLED!! . . .

(*See id.*, Doc. 19, therein) (spelling, grammatical, punctuation and citation errors in

original).

District Judge Robin J. Cauthron considered Dickson's objection and ruled:

> Because Plaintiff has admitted he is subject to the three strikes rule, and his present action fails to satisfy the exception to that rule, he is barred from proceeding IFP. *See* 28 U.S.C. § 1915g. Consequently, Plaintiff must pay the filing fee in full or face dismissal of this action.

(*Id.*, Doc. 20, therein). Judge Cauthron declined to adopt the R&R and ordered

Dickson to pay the full filing fee within twenty days. (*Id.*). After plaintiff failed to

timely pay the full filing fee, Judge Cauthron dismissed the case on April 7, 2015.

(*Id.*, Doc. 26, therein). Dickson appealed to the Tenth Circuit. *See Dickson v. United*

*States*, No. 16-6367 (10th Cir. 2016). The Tenth Circuit required Dickson to show cause why his appeal should not be dismissed for his failure to prepay the entire filing fee as required by § 1915(g). (*Id.*, Order of Dec. 27, 2016, therein). Dickson failed to respond to the order, and the Tenth Circuit dismissed the appeal. (*Id.*, Order of January 25, 2017, therein).

The undersigned does not share the Fourth Circuit's reluctance to accept Dickson's concession that he is a three-striker. Courts may find it difficult to verify the accuracy of Dickson's concession, because he persuades some courts to seal his cases, as the Western District of Oklahoma and the Tenth Circuit found. For example, the undersigned verified that Dickson's prior FTCA action, *Dickson v. United States of America*, Case No. 1:14-cv-250 (E.D. Tex.), a case he disclosed in his present complaint and in the complaint he filed in *Dickson v. Sammuels*, Case No. 5:14-cv-01108-C (W.D. Okla.), does in fact exist, but does not appear on a PACER search because the case was sealed at Dickson's request.[2] The Texas case

---

[2] The court can confirm Case No. 1:14cv250 exists and is sealed by accessing that case number using the Eastern District of Texas' CM/ECF system, instead of the PACER system. The CM/ECF system acknowledges the existence of that case number, but does not allow viewing the docket for the reason: "This case is sealed." Using the same approach, the undersigned also confirmed the existence of two other Texas cases identified by the Sixth and Ninth Circuits as strikes: *Dickson v. City of Mansfield, Texas*, No. 4:11-cv-469-Y (N.D. Tex.); and *Dickson v. City of Mansfield, Texas*, 4:11-cv-499-Y (N.D. Tex.). *See Dickson v. United States of America*, No. 16-6840 (6th Cir.), Order of Oct. 11, 2017); *Dickson v. United States of America*, No. 16-17284 (9th Cir.), Order of July 26, 2017). The Texas Northern cases do not appear on PACER, but they do appear on the Northern District of Texas' CM/ECF system, as sealed.

(Texas Eastern Case No. 1:14cv250) originated in the District of Columbia, *see Dickson v. United States of America*, No. 1:14-cv-00243-RC, and was transferred to the Eastern District of Texas where it was assigned Case No. 1:14cv250. (*See Dickson*, 1:14-cv-00243-RC, Doc. 9 and Receipt from Texas Eastern District Court confirming assignment of Case No. 1:14cv250). After the case was transferred to Texas, Dickson filed, in the original District of Columbia case, a motion to seal the case. (*See Dickson*, 1:14cv-00243-RC, Doc. 14). The District of Columbia denied the motion. (*See id.*, Doc. 15, therein). The Eastern District of Texas apparently granted it.

The Fourth Circuit mentioned nothing of Dickson's sealing his prior cases nor his stonewalling courts' efforts to make him reveal information about those cases. The fact that the Fourth Circuit declined to accept Dickson's concession of his three-striker status does not erode the undersigned's confidence that this case was properly dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's motion to reopen this case (doc. 18) be DENIED.

At Pensacola, Florida this 6th day of November, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.